IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                             Plaintiff,

       v.

NEW PLACE I, A KANSAS LIMITED
PARTNERSHIP; JUDY A. DOWD;
KATHLEEN NIBLER, a/k/a KATHY
NIBLER; MICHAEL DOWD; ELIZABETH
ALDRINE, a/k/a LIZ ALDRINE;
PATRICIA DOWD-KELNE, a/k/a TRISH
DOWD-KELNE; CARA SCHROEDER; TY
BACHMANN; TARA WINEINGER;
CORA L. MOSES; MARGARET E.
COURTER; EDWARD K. ROBERSON;
LINDA M. TOBIN; RONALD D. BOCK;
ROBERT E. GARNER; TYSON A.
SELLECK; MARY E. THOMAS; The
Unknown Heirs, Executors, Administrators,
Devisees, Trustees, Legatees, Creditors, and
Assignees of both Mary Kay Bachmann-
Dowd, a/k/a Mary Kay Bachmann, deceased,
and Matthew J. Dowd, deceased, and the
Unknown Spouses of both Mary Kay
Bachmann-Dowd, a/k/a Mary Kay
Bachmann, deceased, and Matthew J. Dowd,
deceased, the Unknown Spouses of other
Defendants; Unknown Stockholders,
Officers, Successors, Trustees, Creditors and
Assignees of Defendants as are existing,
dissolved or dormant corporations; Unknown
Executors, Administrators, Devisees,
Trustees, Creditors, Successors and
Assignees of Defendants as are or were
partners or in partnership; and Unknown
Guardians, Conservators and Trustees of
Defendants as are minors or are in any way
under legal disability; and Unknown Heirs,
Executors, Administrators, Devisees,
Legatees, Trustees, Creditors and Assignees
of any Person alleged to be deceased and
made Defendants; The Unknown General
Partners of New Place I, a Kansas limited

Civil No. 21-4030

partnership; the Known and Unknown limited partners of New Place I, a Kansas limited partnership; and The Unknown Occupants of New Place I, a Kansas limited partnership,

                              Defendants.

## **COMPLAINT**

COMES NOW the United States of America, by Duston J. Slinkard, Acting United States Attorney for the District of Kansas, and Tanya Sue Wilson, Assistant United States Attorney, and for its cause of action represents as follows:

1.      This is a civil action for judgment on the Promissory Notes and foreclosure of the Mortgages brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2.      Service may be made upon the Defendants in the following manner:

   a.      Defendant New Place I, a forfeited Kansas limited partnership, ["hereinafter New Place I"],  may be served by delivering the Summons and a copy of the Complaint to the Kansas Secretary of State, Scott Schwab, Memorial Hall, 120 SW 10th Ave., 1st Floor, Topeka, Kansas 66612, pursuant to K.S.A. § 60-304(f), as its Registered Agent Mary Kay Bachmann, a/k/a Mary Kay Bachmann-Dowd, as listed on the Kansas Secretary of State's website, is deceased.    Additionally, service will also be made by publication, pursuant to K.S.A. § 60-307(c)(3).  Service is made within the jurisdiction of this Court.

   b.      Defendant Judy A. Dowd may be served the Summons and a copy of the Complaint at 6812 SW Cottonwood Circle, Topeka, Kansas 66614, by

personal or residence service pursuant to K.S.A. §§ 60-303(d)(1)(A)-(B) and 60-304(a), within the jurisdiction of this Court.

c.     Defendant Kathleen Nibler, a/k/a Kathy Nibler, may be served the Summons and a copy of the Complaint at 350 SE 12th Place, North Bend, Washington 98045. This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

d.     Defendant Michael Dowd may be served the Summons and a copy of the Complaint at 2654 SW Arrowhead Road, Unit B, Topeka, Kansas 66614, by personal or residence service pursuant to K.S.A. §§ 60-303(d)(1)(A)-(B) and 60-304(a), within the jurisdiction of this Court.

e.     Defendant Elizabeth Aldrine, a/k/a Liz Aldrine, may be served the Summons and a copy of the Complaint at 6809 Briar Cove Drive, Dallas, Texas 75254. This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

f.     Defendant Patricia Dowd-Kelne, a/k/a Trish Dowd-Kelne, may be served the Summons and a copy of the Complaint at 2435 Arkansas, Lawrence, Kansas 66046, by personal or residence service pursuant to K.S.A. §§ 60-303(d)(1)(A)-(B) and 60-304(a), within the jurisdiction of this Court.

g.     Defendant Cara Schroeder may be served the Summons and a copy of the Complaint at 4009 Allenwood Way, Tucker, Georgia 30084. This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

h.    Defendant Ty Bachmann may be served the Summons and a copy of the Complaint at 83 Barracuda Street, Destin, Florida 32541.  This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

i.    Defendant Tara Wineinger may be served the Summons and a copy of the Complaint at 6204 NW 78th Street, Kansas City, Missouri 64151.  This Defendant may be considered within the jurisdiction of the Court pursuant to the long-arm statute, K.S.A. § 60-308(a)(1).

j.    Defendant Cora L. Moses may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

k.    Defendant Margaret E. Courter may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

l.    Defendant Edward K. Roberson may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

m.    Defendant Linda M. Tobin may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal

or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

n.     Defendant Ronald D. Bock may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

o.     Defendant Robert E. Garner may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, KS 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

p.     Defendant Tyson A. Selleck may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

q.     Defendant Mary E. Thomas may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), within the jurisdiction of this Court.

r.     The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Mary Kay Bachmann Dowd, a/k/k Mary Kay Bachmann, deceased, will be served by publication, pursuant to K.S.A. § 60-307(c)(3), since the names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

s.     The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Matthew J. Dowd, deceased, may be served by publication, pursuant to K.S.A. § 60-307(c)(3), since the names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

t.     The Unknown General Partners of New Place I may be served by publication, pursuant to K.S.A. § 60-307(c)(3), since the names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

u.     The Known and Unknown Limited Partners of New Place I may be served by publication, pursuant to K.S.A. § 60-307(c)(3), since the partnership status, names and addresses of these Defendants are unknown, within the jurisdiction of this Court.

v.     The Unknown Occupants may be served the Summons and a copy of the Complaint at 205 W. Memory Lane, McLouth, Kansas 66054, by personal or residence service, or by "tacking" pursuant to K.S.A. §§ 60-303(d)(1)(A)-(C) and 60-304(a), and may also be served by publication, pursuant to K.S.A. § 60-307, since the names of these Defendants are unknown.

3.     Defendant New Place I executed and delivered to Plaintiff United States of America, acting through the Farmers Home Administration, predecessor to the Rural Housing Service, United States Department of Agriculture, a promissory note on August 21, 1979, in the principal amount of $237,500.00, together with interest at the rate of 6.0000 percent (6.0000%)

per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made a Rural Housing loan to Defendant New Place I pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*).  A true and correct copy of the Promissory Note is attached as Exhibit A.

4.      To secure repayment of the indebtedness Defendant New Place I did, on August 27, 1979, execute and deliver a purchase-money security interest in the form of a real estate mortgage upon real property located in Jefferson County, Kansas, within the jurisdiction of this Court, described as follows:

> Commencing at a point twenty (20) feet West of the Southwest corner of Lot 4, in Block "K" Zeno Zabriskie's Addition to the City of McLouth, and running thence West 185 feet, thence South approximately 135 feet to the abandoned right of way of the Kansas City Northwestern Railroad; thence East along said railroad right of way about 185 feet to a point directly South of the place of beginning; thence North approximately 135 feet to the place of beginning; said tract being a part of the Northwest Quarter of Section 8, Township 10 South, Rage 20 East of the 6th P.M., in the City of McLouth, Jefferson County, Kansas.

This real estate mortgage was filed on August 27, 1979, in the office of the Register of Deeds of Jefferson County, Kansas, in Book 311 at Pages 659-662.  A true and correct copy of the Mortgage is attached as Exhibit B.

5.      Defendant New Place I executed and delivered to Plaintiff United States of America, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note on February 12, 2003, in the principal amount of $184,000.00, together with interest at the rate of 8.5000 percent (8.5000%) per annum on the unpaid balance.  As consideration for this note, Plaintiff United States made a Rural Housing loan to Defendant New Place I pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*).  A true and correct copy of the Promissory Note is attached as Exhibit C.

6.      To secure repayment of the indebtedness Defendant New Place I did, on February 12, 2003, execute and deliver a purchase-money security interest in the form of a real estate mortgage upon real property located in Jefferson County, Kansas, within the jurisdiction of this Court, described as follows:

> Commencing at a point twenty (20) feet West of the Southwest corner of Lot 4, in Block "K" Zeno Zabriskie's Addition to the City of McLouth, and running thence West 185 feet, thence South approximately 135 feet to the abandoned right of way of the Kansas City Northwestern Railroad; thence East along said railroad right of way about 185 feet to a point directly South of the place of beginning; thence North approximately 135 feet to the place of beginning; said tract being a part of the Northwest Quarter of Section 8, Township 10 South, Rage 20 East of the 6th P.M., in the City of McLouth, Jefferson County, Kansas.

This real estate mortgage was filed on February 12, 2003, in the office of the Register of Deeds of Jefferson County, Kansas, in Volume 582 PC 704-710.  A true and correct copy of the Mortgage is attached as Exhibit D.

7.      Plaintiff United States is the owner and holder of the liability and security documents set out above, attached as Exhibits A, B, C and D.

8.      Defendant New Place I is in default by virtue of having breached the terms of the Promissory Notes, Mortgages, and other loan documentation, as well as agency regulations for reasons that include but are not necessarily limited to the following:

(a)      failure to substitute general partner upon the death of Mary Kay Bachmann Dowd;

(b)      failure to operate in good standing with the State of Kansas, as evidenced by status: Forfeited – Failed to Timely File Annual Report;

(c)      failure to comply with 7 C.F.R. § 3560.308 by failing to submit annual financial reports; and

(d)      failure to comply with 7 C.F.R. §§ 3560.103(a)(3)(v) and (xv) by failing to maintain housing projects, physical maintenance, including: exterior signage and flooring.

9.      Defendant New Place I was given notice of the monetary grounds for default on February 25, 2019. Plaintiff United States, acting through the Rural Housing Service, United States Department of Agriculture, accelerated the indebtedness on February 25, 2019, and made demand for payment in full. No payment has been received.

10.      The amount due on the Promissory Notes dated August 21, 1979 and February 12, 2003, is principal in the amount of $254,932.90 (including unpaid principal of $243,672.00, agency title report fees of $225.00, appraisal of $2,500.00, other advances of $5,365.50, and late fees of $3,170.40) as of March 24, 2021; plus interest in the amount of $32,235.30 (including interest on principal of $32,050.97 and interest on advances of $184.33) accrued to March 24, 2021; plus interest accruing thereafter at the daily rate of $47.2800 (including daily interest on principal of $47.0150 and daily interest on advances of $0.2650) to the date of judgment; plus administrative costs of $5.00 (including lis pendens filing fee of $5.00) pursuant to the promissory notes and mortgages; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of all Defendants' interests in the subject real estate and personal property.

11.      No other action has been brought to recover these sums.

12.      Plaintiff United States completed all loan servicing requirements of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*) and implementing rules and regulations.

13.      The following Defendants may claim an interest in the real property:

a.     Defendant Judy A. Dowd may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

b.     Defendant Kathleen Nibler, a/k/a Kathy Nibler, may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

c.     Defendant Michael Dowd may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

d.     Defendant Elizabeth Aldrine, a/k/a Liz Aldrine, may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

e.     Defendant Patricia Dowd-Kelne, a/k/a Trish Dowd-Kelne, may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

f.     Defendant Cara Schroeder may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

g.     Defendant Ty Bachmann may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

h.     Defendant Tara Wineinger may claim an interest in the real property as an heir at law of Matthew J. Dowd, deceased.

i.     Defendant Cora L. Moses may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

j.     Defendant Margaret E. Courter may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

k.     Defendant Edward K. Roberson may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

l.      Defendant Linda M. Tobin may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

m.      Defendant Ronald D. Bock may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

n.      Defendant Robert E. Garner may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

o.      Defendant Tyson A. Selleck may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

p.      Defendant Mary E. Thomas may claim an interest in the real property as a tenant or occupant at 205 W. Memory Lane, McLouth, Kansas 66054.

q.      The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Mary Kay Bachmann Dowd, a/k/a Mary Kay Bachmann, deceased, may claim and interest in the real property.

r.      The Unknown Heirs, Executors, Administrators, Devisees, Trustees, Legatees, Creditors, and Assignees of Matthew J. Dowd, deceased, may claim and interest in the real property.

s.      The Unknown General Partners of New Place I may claim and interest in the real property.

t.      The Known and Unknown Limited Partners of New Place I may claim and interest in the real property.

u.      The Unknown Occupants of New Place I may claim and interest in the real property as tenants or occupants 205 W. Memory Lane, McLouth, Kansas 66054.

11

14.     The indebtedness due Plaintiff United States of America is a first and prior lien on the real and personal property described above.

15.     The interests of all Defendants are junior and inferior to the interests of Plaintiff United States.

16.     By execution of the real estate mortgage, Defendant New Place I agreed that Plaintiff United States, acting through the Rural Housing Service, would not be bound by any present or future State laws allowing for any right of redemption or possession of the real estate following any foreclosure sale. *See* Exhibit B, ¶ 19.  Therefore, Defendant New Place I waived all rights of redemption and there is no right of redemption for any party, including lien creditors.

Plaintiff United States demands *in rem* judgment of foreclosure in the amount of $254,932.90 (including unpaid principal of $243,672.00, agency title report fees of $225.00, appraisal of $2,500.00, other advances of $5,365.50, and late fees of $3,170.40) as of March 24, 2021; plus interest in the amount of $32,235.30 (including interest on principal of $32,050.97 and interest on advances of $184.33) accrued to March 24, 2021; plus interest accruing thereafter at the daily rate of $47.2800 (including daily interest on principal of $47.0150 and daily interest on advances of $0.2650) to the date of judgment; plus administrative costs of $5.00 (including lis pendens filing fee of $5.00) pursuant to the promissory notes and mortgages; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff United States also demands foreclosure of its security agreement and requests that all fixtures be sold with the real estate.

Plaintiff United States further demands that it be granted *in rem* judgment foreclosing its mortgages on the real property and foreclosing the interests of all Defendants, and that all right, title, and interest in and to the real property of all Defendants, and of all persons claiming by, through or under this Defendant be decreed to be junior and inferior to the Mortgage of the Plaintiff United States and be absolutely barred and foreclosed.

Plaintiff United States further demands that the real property be sold at public sale to the highest bidder, in accordance with 28 U.S.C. §§ 2001-2002, inclusive, with no right of redemption in any party, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff United States further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1)     Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of this action and the foreclosure sale;

(3)     The interest accruing on Plaintiff United States' *in rem* judgment of foreclosure;

(4)     Plaintiff United States' *in rem* judgment of foreclosure; and,

(5)     Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff United States further demands that the judgment granted it in the Order and Judgment be the final judgment of this Court.

Plaintiff United States further demands that if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon

application of the grantee or grantee's assigns, ordering and directing the United States Marshal to place the applicant in full, complete, and peaceful possession of the real property.

Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

*s/ Tanya Sue Wilson*
TANYA SUE WILSON
Assistant United States Attorney
Ks. S.Ct. No. 11116
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: tanya.wilson@usdoj.gov
Attorneys for Plaintiff

## REQUEST FOR PLACE OF TRIAL

Plaintiff United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

*s/ Tanya Sue Wilson*
TANYA SUE WILSON
Assistant United States Attorney

14